# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-0119V
Filed: March 30, 2018
UNPUBLISHED

|  |  |
|---|---|
| RAYMOND ROACH on behalf of O.G. R. a minor child,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs |

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On January 27, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that O.G.R. was diagnosed with encephalopathy following receipt of Hepatitis A, Haemophilus influenza type B, measles, mumps and rubella (MMR), Prevnar, and varicella vaccinations on February 13, 2013. Petition at 2. On November 20, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 58).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 27, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 64). Petitioner requests attorneys' fees in the amount of $51,470.20 and attorneys' costs in the amount of $16,371.77. (*Id.* at 1-2). In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. (*Id.* at 2). Thus, the total amount requested is $67,841.97.

On March 19, 2018, respondent filed a response to petitioner's motion. (ECF No. 65). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." (*Id.* at 1). Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 2). Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." (*Id.* at 3).

On March 21, 2018, petitioner filed a reply. (ECF No. 66). Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates his view that his attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates with the following exceptions.

The undersigned finds it necessary to reduce the hourly rate for attorney, Danielle A. Strait. Ms. Strait billed at a rate of $320.00 for her work performed in 2017. This amount exceeds the rate previously awarded for Ms. Strait. *See Liggett v. Sec'y of Health & Human Servs.*, No. 15–526V (Fed. Cl. Spec. Mstr. Aug. 3, 2017; *Schultheis v. Sec'y of Health & Human Servs.* No. 13–781, 2017 WL 2825819 (Fed. Cl. Spec. Mstr. June 5, 2017); *Hogan on behalf of S.M.H. v. Sec'y of Health & Human Servs.*, No. 13–780V, 2017 WL 3585648 (Fed. Cl. Spec. Mstr. Jul. 24, 2017). As is consistent with other cases in this program, Ms. Strait's rate is reduced to $307.00 per hour for her time billed in 2017. This results in a reduction of $2.60.

Petitioner requests a total of $8,790.00 in expert costs to compensate Lynn Trautwein, R.N., retained as a life care planner for this case. "Fees for experts are subject to the same reasonableness standard as fees for attorneys." See *Baker v. Sec'y of Health & Human Servs., 99-653V, 2005 WL 589431, at \*1 (Fed. Cl. Spec. Mstr. Feb 24, 2005).* The undersigned finds it necessary to reduce petitioner's request for costs regarding Ms. Trautwein as it related to travel time, administrative work and vagueness in billing entries.

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL

2

3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.,* No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Ms. Trautwein billed a total of 21.5 hours for travel time including travel to & from airport, flight time and drive time to petitioners home.  As Ms. Trautwein held to the same reasonableness as attorneys in the program, the undersigned will reduce the hours billed for travel by 50% reducing the request for costs by $1,612.50.

      Ms. Trautwein's invoice contains multiple entries for work that is not related to her role as a life care planner and would be more appropriately classified as administrative overhead. These entries include researching travel information, faxing correspondence and scheduling times to discuss matters with parties unknown to the case.[3] For example a total of 1.4 hours of time was billed on 10/26/16 and 11/15/16 to "research airfare", "email ginger re: proposed flights", "research car rental" and "mapquest". (ECF No. 64-2 at 122). Additional examples include emails on 2/24/17 and 3/13/17 between Ms. Trautwein and a party listed as "Ginger" to schedule time to talk. The entry is vague and unclear as to whom Ginger is in relation to this case and the content of the scheduled conversation. (*Id.* at 123). As discussed above, it is well established that attorneys cannot bill for administrative tasks, and this principle also extends to expert witnesses. In addition to the entries listed above, many of the billing entries are so vague that the undersigned cannot decipher the work performed or its necessity to the case. The undersigned will therefore reduce the request for costs by $525.00.

      Based upon the above analysis, a review of the fees & costs, and the undersigned's experience, petitioner's application for attorneys' fees and costs is **reduced by a total of $2,140.10.**

      The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** in part petitioner's motion for attorneys' fees and costs.

---

[3] Entries are as follows: 10/26/16 "telephone LM for Ginger" (0.20); "research airfare" (0.40); "email ginger re: my proposed flights" (0.20); 11/15/16 "research car rental" (0.40); "research mapquest"(0.40); 11/29/16 "correspondence FAX to Dr. McConell" (0.20); 02/24/17 "email to & from Ginger re: schedule time to talk" (0.20); 03/13/17 "email from & to Ginger re: change ime to talk" (0.20); 03/22/17 "email to & from Ginger x4" (0.30); 05/08/17 "email to & from Ginger" (0.20); 08/03/17 "email from Diana re travel costs to be adjusted" (0.20); 08/04/17 "email to Ginger re: mileage calculations" (0.20); 08/09/17 "email from Diana" (0.20) and "(email from Ginger" (0.20).  (ECF No. 64-2 at 122 – 124).

**Accordingly, the undersigned awards the total of $65,701.87[4] as follows:**

- **A lump sum of $63,016.13, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Diana Lynn Stadelnikas; and**

- **A lump sum of $2,685.74, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and Barber & Bartz, Attorneys at Law; and**

- **Petitioner requests payments be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.